UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ALLSTATE INSURANCE CO.,
a/s/o CAILA EARL,
                Plaintiff,

     v.                                          **DECISION AND ORDER**
                                                 12-CV-1254S

RED SEA FISH PHARM LTD.,

                Defendant.

1.      On January 28, 2013 Christine Banitt, the Chief Operating Officer of Aquaculture Technologies, Inc., was served with a summons and complaint in this action at Aquaculture's place of business, 18125 Ammi Trail in Houston, Texas. She accepted service for the lone defendant here: Red Sea Fish Pharm, Ltd. In an affidavit submitted to this Court, however, she states that she is not affiliated with Red Sea Fish Pharm. Ltd., nor was she authorized to accept service on its behalf. In short, she mistakenly accepted service. On this basis, Red Sea Fish Pharm Ltd. moves to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(5) for insufficient service of process.

2.      Plaintiff opposes the motion on the ground that Red Sea Fish Farm Ltd. is the assumed name of Aquaculture Technologies. But the records on which Plaintiff relies indicate that Red Sea Fish Pharm – not Red Sea Fish Pharm *Ltd.* – is the assumed name of Aquaculture Technologies. Moreover, these records also indicate that the assumed name is now expired. This, in combination with the Banitt affidavit, demonstrate that Plaintiff has failed to meet its burden showing that service was proper. See DeLuca v. AccessIT Grp., Inc., 695 F. Supp. 2d 54, 64 (S.D.N.Y. 2010) (quoting Howard v. Klynveld Peat Marwick Goerdeler, 977 F. Supp. 654, 658 (S.D.N.Y.1997), *aff'd*, 173 F.3d 844 (2d

Cir.1999)) ("When a defendant challenges service of process, 'the burden of proof is on the plaintiff to show the adequacy of service.'"). Accordingly, Defendant's motion must be granted. See Rzayeva v. United States, 492 F. Supp. 2d 60, 74 (D. Conn. 2007) ("A motion to dismiss pursuant to Rule 12(b)(5) must be granted if the plaintiff fails to serve a copy of the summons and complaint on the defendant[].").

3.     Taking no position on any statute of limitations, and to the extent Plaintiff seeks to amend its complaint to state a claim against Aquaculture Technologies or any other entity involved in the conduct described in the complaint, this Court grants Plaintiff leave to do so.

****

IT HEREBY IS ORDERED, that Defendant's motion to dismiss (Docket No. 8) is GRANTED.

FURTHER, Plaintiff's motion to amend its complaint (Docket No. 19) is GRANTED in part and DENIED in part, in accordance with paragraph number three of this Decision.

FURTHER, that, if it chooses to do so, Plaintiff shall file its amended complaint and serve it, along with an amended summons, on any named defendants by March 24, 2014.

FURTHER, if no amended complaint is filed by that date, this case will be dismissed and closed.


Dated:   March 6, 2014
         Buffalo, New York

                                              /s/William M. Skretny
                                              WILLIAM M. SKRETNY
                                              Chief Judge
                                              United States District Court